# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

  vs.                                    No. CR 09-2970 MCA

**ERIKA DENISE GARCIA**,

      Defendant.

## ORDER DECLARING PARTIAL MISTRIAL

**THIS MATTER** comes before the Court on Defendant's oral motion for a mistrial and the Court's finding that the jury was hopelessly deadlocked and unable to return a unanimous verdict as to Counts 1 and 2 in the trial of this matter commencing on December 15, 2009.

The Court finds that the jury began its deliberations at 4:43 p.m. on December 16, 2009. The jury deliberated until 6:21 p.m., when the foreperson was called to the courtroom to clarify a note from the jury, written at 6:06 p.m. [Se Doc. 82]. Upon questioning by the Court, the foreperson advised that the jury had reached a unanimous verdict as to some—but not all—counts of the *Superseding Indictment*. The foreperson was then asked to return to the jury room and await further instructions from the Court. The Court then conferred with counsel outside the presence of the jury.

At 6:31 p.m. the full jury returned to the courtroom, at which time the foreperson delivered to the Court a second note from the jury, this one written at 6:28 p.m. and asking for clarification of the term "actual buyer." [See Doc. 83].  The jury was returned to the jury room, and the Court and counsel conferred outside the presence of the jury.  At 6:35 p.m. the full jury returned to the courtroom, at which point Instructions 19 and 20 were reread.  At 6:38 p.m., the jury was again excused to continue its deliberations.

The jury deliberated until 7:05 p.m., when the foreperson was called into the courtroom to receive a note from the Court, in which the Court asked the foreperson to write down the counts for which the jury was unable to reach a unanimous verdict. [See Doc. 85]. The foreperson wrote that the jury was not able to reach a unanimous verdict as to either Count 1 or Count 2.

At 7:08 p.m. the full jury returned to the courtroom, at which time the Court polled the jurors individually as to whether they had reached a unanimous verdict as to Counts 3 through 10 of the *Superseding Indictment*.  Before returning to the jury room, the foreperson, in response to a question from the Court, stated that she believed that, with clarification of the term "actual buyer," the jury might be able to reach a unanimous verdict as to Counts 1 and 2.  At 7:12 p.m., the jury returned to the jury room to continue its deliberations.

While the jury was deliberating, the Court and counsel again conferred outside the presence of the jury as to the propriety of providing the jury with a modified Allen charge. As the Court and counsel were conferring, the Court Security Officer entered the courtroom with a third note from the jury, this one written at 7:20 p.m. and explaining "that there would

be no clarification of terms that would change the vote to a unanimous verdict on Counts 1 and 2." [Doc. 84]. At that point, counsel for the Defendant renewed her motion for a mistrial and counsel for the government did not object.

Accordingly, the Court finds as follows: (1) while the jury deliberated for a total of approximately two and one-half hours, the presentation of evidence in this matter consumed only approximately seven hours over the course of two days; (2) when questioned at 7:10 pm. on December 16, 2009, the jury advised the Court that, while it had reached a unanimous verdict as to Counts 3 through 10, it was unable to reach a unanimous verdict as to Counts 1 and 2 of the *Superseding Indictment*; (3) the jury was hopelessly deadlocked as to Counts 1 and 2 of the *Superseding Indictment*; (4) the Court provided an opportunity for counsel for the Defendant and counsel for the government to comment on the matter; and (5) counsel for the Defendant made an oral motion for a mistrial, and no objections were stated.

In light of these findings and the relevant law, the Court, with respect to Counts 1 and 2 of the *Superseding Indictment*, hereby declares in this matter a partial mistrial based on manifest necessity.

**IT IS THEREFORE ORDERED** that, as to Counts 1 and 2 of the *Superseding Indictment*, a partial mistrial based on manifest necessity is declared in this matter and the jury is discharged.

**SO ORDERED** this 21st day of December, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**